```
               IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>  ) <br>     Plaintiff, )<br> )<br>v. )<br> )<br>**FREDERICK BOOKER,** )<br> )<br>     Defendant. )<br> ) | No. 2:09-cr-20002-2 |

**ORDER**

Before the Court is Defendant Frederick Booker's request for relief (the "Motion"), filed on April 27, 2020. (ECF No. 761.) The government responded on May 1, 2020. (ECF No. 762.) For the following reasons, the Motion is DENIED.

**I.   Background**

In January 2008, Booker was indicted for conspiracy to possess, and aiding and abetting an attempt to possess, cocaine with intent to distribute, a violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. (ECF No. 1.) In April 2010, Booker pled guilty to the conspiracy charge. (ECF Nos. 88, 89.) In August 2010, the Court sentenced Booker to 108 months in prison, to be followed by a three-year term of supervised release. (ECF Nos. 121, 129.) On January 1, 2017, Booker was released and began his term of supervised release. (ECF No. 160 at 1.) In November of 2019,

the Court found that Booker had violated the terms of his supervised release and revoked his supervised release. (ECF Nos. 192-95.) The Court resentenced Booker to 51 months incarceration with no supervised release to follow. (See id.) Booker's anticipated release date is March 10, 2023. See Federal Bureau of Prisons Inmate Locator at https://www.bop.gov/inmateloc/In.

On April 27, 2020, Booker filed a letter requesting relief from the Court. (ECF No. 202.) Booker does not directly specify the relief he seeks or the statute on which he relies. (See id.) He asks the Court to "look into seeking an [a]lternative or reconsider [him] for resentencing," "consider the circumstantial facts of [his] case," and to "consider [him] for the relief that offenders have been receiving for the pre-existing conditions f[rom] the Covid-19 [p]andemic." (Id. at 2, 8.) He reiterates the facts of his supervised release violation and discusses his rehabilitation. (See id. at 1-9.) He says that he has been diagnosed with hypertension and has been getting daily treatment with amlodipine. (Id. at 8.)

On May 1, 2020, the government filed a response to Booker's request, construing it as a request for compassionate release under 18 U.S.C. 3582(c)(1)(A), (see ECF No. 204 at 2 & n.2), and arguing that the Court does not have the authority to consider it because he has failed to exhaust his administrative remedies,

2

(see id. at 7-12). Alternatively, the government argues that Booker's request fails on the merits. (Id. at 12-16.)

## II. Standard of Review

A sentencing court does not have inherent authority to modify an otherwise valid sentence. United States v. Washington, 584 F.3d 693, 700 (6th Cir. 2009). The authority to resentence a defendant is limited by statute. United States v. Houston, 529 F.3d 743, 748-49 (6th Cir. 2008) (citing United States v. Ross, 245 F.3d 577, 585 (6th Cir. 2001)). Eighteen U.S.C. § 3582(c)(1)(A) allows a court to modify a term of imprisonment where "extraordinary and compelling reasons warrant [modification]." Motions under that section have been called "motions for compassionate release." United States v. McCann, No. 13-cr-52, 2020 WL 1901089, at *1 (E.D. Ky. Apr. 17, 2020). "The compassionate release provisions were . . . intended to be a 'safety valve' to reduce a sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" United States v. Ebbers, No. 02-cr-1144, 2020 WL 91399, at *6 (S.D.N.Y. Jan. 8, 2020) (citing S. Rep. 98-225, at 121 (1983)).

In the First Step Act of 2018 (the "First Step Act"), Pub L. No. 115-391, 132 Stat. 5194, 5239, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow a prisoner to file a motion for

3

compassionate release on his own behalf. Before the First Step Act, a motion for compassionate release could be brought only by the Director of the Bureau of Prisons (the "BOP"). United States v. York, Nos. 3:11-cr-76, 3:12-cr-145, 2019 WL 3241166, at *4 (E.D. Tenn. July 18, 2019) (citing 18 U.S.C. § 3582(c)(1)(A) (2017)). The First Step Act modified § 3582(c)(1)(A) with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, 5239 (capitalization omitted); see also Ebbers, 2020 WL 91399, at *7.

Section 3582(c)(1)(A) now provides that:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that —-
>
> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Section 3582(c)(1)(A) requires a defendant to "first exhaust [his] administrative remedies [with the BOP] before seeking judicial relief." United States v. Koch, No. 01-cr-083, 2019 WL 3837727, at *1-2 (E.D. Ky. Aug. 14, 2019). A defendant may exhaust his administrative remedies in one of two ways: (1)

4

by exhausting his "administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," or (2) upon "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see York, 2019 WL 3241166, at *5 ("Other district courts have recognized that the language of § 3582(c)(1)(A), as amended by the First Step Act, requires the defendant to file an administrative request with the BOP 'and then either exhaust administrative appeals or wait thirty days after submitting his request to the BOP.'") (emphasis in original) (quoting United States v. Heromin, No. 11-cr-550, 2019 WL 2411311, at *1 (M.D. Fla. June 7, 2019)). The defendant bears the burden of showing he has exhausted his administrative remedies and is entitled to compassionate release. See Ebbers, 2020 WL 91399, at *4 (citing United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992)).

**III. Analysis**

The Court construes Booker's request as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (See ECF No. 202 at 8-9.) Booker asks the Court for "[a]lternative correction or resentencing." (Id. at 9.) Assuming that an alternative correction may be construed as a request for home confinement, the Court does not have authority under 18 U.S.C. § 3582(c)(1)(A) to place a prisoner in home confinement. See

5

Miller v. United States, No. 16-cr-20222, 2020 WL 1814084, at *2 (E.D. Mich. Apr. 9, 2020) (collecting cases). Therefore, the Court construes Booker's request as one for a reduction in sentence or immediate release.

Booker has not exhausted his administrative remedies with the BOP. Before moving for compassionate release under 18 U.S.C. § 3582(c)(1)(A), a defendant must ask the BOP to file a motion for compassionate release on his behalf, and then "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or wait until "30 days from the receipt of such a request by the warden of the defendant's facility" have elapsed. 18 U.S.C. § 3582(c)(1)(A). Booker has presented no evidence that he has asked the BOP to file a motion for compassionate relief on his behalf. (See ECF No. 762-1 at 1.) The Court does not have authority to consider the Motion.[1] See, e.g., United States v. Raia, No. 20-1033, 2020

---

[1] It is unnecessary to address the government's argument and whether § 3582(c)(1)(A)'s exhaustion regime is a jurisdictional prescription or a mandatory claim-processing rule because the Court can decide the present issue without reaching that question. See Manrique v. United States, 137 S. Ct. 1266, 1272 (2017) (declining to address the jurisdictional question because the requirement at issue was "at least a mandatory claim-processing rule"); United States v. Ogarro, No. 18-cr-373-9, 2020 WL 1876300, at *3 (S.D.N.Y. Apr. 14, 2020) ("[R]egardless of whether the statute is jurisdictional or a claim-processing rule, its exhaustion requirements are clearly mandatory."); United States v. Monzon, No. 99-cr-157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020) ("It is unnecessary to resolve here whether § 3582(c) creates a jurisdictional bar to the modification of [defendant's] sentence or simply sets forth a statutory exhaustion requirement.").

WL 1647922, at *2-3 (3d Cir. Apr. 2, 2020) (holding that a failure to satisfy § 3582(c)(1)(A)'s exhaustion requirement foreclosed the court's consideration of defendant's motion for compassionate release and that "strict compliance with [the] exhaustion requirement takes on added -- and critical -- importance" during the current crisis).  The Court DENIES the Motion with leave to renew if Booker exhausts his administrative remedies with the BOP.

**IV. Conclusion**

For the foregoing reasons, the Motion is DENIED.

So ordered this 6th day of May, 2020.

                                        /s/ *Samuel H. Mays, Jr.*
                                        SAMUEL H. MAYS, Jr.
                                        UNITED STATES DISTRICT JUDGE